IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LILIA E. PETRENKO-GUNTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:04-CV-2691-D |
| VS. | § | |
| | § | |
| EVELYN UPCHURCH, Individually and | § | |
| in her Official Capacity as Director of the | § | |
| Texas Service Center of the BCIS, et al., | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

After making an independent review of the pleadings, files, and records in this case, and the July 22, 2005 findings, conclusions, and recommendation of the United States Magistrate Judge, the court concludes that the recommendation of the magistrate judge is correct, and it is therefore adopted. Plaintiff's April 15, 2005 motion for default judgment is denied.

In adopting the recommendation, the court need not decide whether the magistrate judge's reliance on the July 1, 2005 version of Tex. R. Civ. P. 103, *Larrew v. Barnes*, 2002 WL 31109713 (N.D. Tex. Sept. 17, 2002) (Fitzwater, J.) (adopting magistrate judge recommendation), or *Delta Steamship Lines, Inc. v. Albano*, 768 F.2d 728 (5th Cir. 1985), is misplaced. Plaintiff has failed to demonstrate that the version of Rule 103 in effect in December 2004 (i.e., the pre-July 1, 2005 version) when defendants were served by mail empowered a notary public to effect service.

That version of Rule 103 provided:

> Citation and other notices may be served anywhere by (1) any sheriff or constable or other *person authorized by law* or, (2) by any *person authorized by law* or by written order of the court who is not less than eighteen years of age. No person who is a party to or interested in the outcome of a suit shall serve any process. Service by registered or certified mail and citation by publication shall, if requested, be made

> by the clerk of the court in which the case is pending. The order
> authorizing a person to serve process may be made without written
> motion and no fee shall be imposed for issuance of such order.

*Id.* (emphasis added). The court has located no Texas case that holds that a notary public is a person authorized by Texas law to effect service absent a written order of the court. The commentary to the 1988 amendment to Rule 103 (the amendment in effect in December 2004) suggests that a notary would not be qualified, absent a court order.

> The amendment makes clear that the courts are permitted to authorize
> persons other than Sheriffs or Constables to serve Citation. Further,
> Sheriffs or Constables are not restricted to service in their county.
> The last sentence is added to avoid the necessity of motions and fees.

Rule 103 1988 cmt. (*reprinted in* Texas Rules of Court: State at 55 (West Pamp. Supp. 2005); *cf. Mayfield v. Dean Witter Fin. Servs., Inc.*, 894 S.W.2d 502, 505-06 (Tex. App. 1995, writ denied) (holding, in context of case analyzing New York service rule that authorized service in accordance with Texas rule, that process server was authorized by Texas law to serve process where he was authorized by court order to do so).

Plaintiff maintains that the authority of a notary public comes from Fed. R. Civ. P. 4(c)(2), which she contends is, in turn, incorporated in Rule 103(2). *See* P. Obj. at 2-3 & 3 n.1. She appears to suggest that, because under Rule 4(c)(2), "[s]ervice may be effected by any person who is not a party and who is at least 18 years of age[,]" and because under Texas law a notary public must be at least 18 years old, a notary is a person authorized by law to serve process under the authority granted in Rule 103 to any person authorized by law. Absent clear authority in Texas that it would recognize the provision of a federal rule of procedure as sufficient to confer the authority necessary to effect service, and in view of the strict approach that Texas takes concerning the validity of service of process, *see, e.g., Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990) (collecting cases),

the court concludes that plaintiff has failed to demonstrate that she is entitled to entry of a default judgment against defendants.

Accordingly, plaintiff's April 15, 2005 motion for default judgment is denied.

**SO ORDERED**.

August 9, 2005.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE